## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

      v.

Donald Reginald Richards,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 09-02 ADM/JSM

_____

Lisa D. Kirkpatrick, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Douglas Olson, Esq., Federal Public Defender, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of the Objection [Docket No. 44] of Defendant Donald Reginald Richards ("Defendant") to Magistrate Judge Janie S. Mayeron's April 17, 2009 Report and Recommendation ("R&R") [Docket No. 41]. The R&R recommends denial of Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 22] and Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 23]. The factual background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objection. For the reasons set forth below, the Objection is overruled and the R&R is adopted.

## II. DISCUSSION

"A district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any

matter that may dispose of a charge or defense."  Fed. R. Crim. P. 59(b)(1).  "The district judge must consider de novo any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3).

In recommending denial of Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, Judge Mayeron determined that "in light of the circumstances of the encounter, a reasonable person would have felt free to decline to answer the officer's questions, refuse to produce identification[,] and terminate the encounter." R&R at 13. Therefore, Judge Mayeron concluded, the encounter by Detective Askerooth with Defendant shortly after the encounter with Sergeant Stevens had been terminated was not a seizure.  Id. at 13-14.   Alternatively, Judge Mayeron concluded that even if Detective Askerooth's encounter amounted to a seizure, there was reasonable suspicion to justify the request for permission to see Defendant's identification.  Id. at 14.

Defendant argues that Judge Mayeron's application of the law to the facts was incorrect. He contends that once he had terminated the encounter with Sergeant Stevens, Detective Askerooth's subsequent encounter constituted a seizure because, under the circumstances, "no reasonable person" would have believed he was "free to terminate the encounter and walk off the bus."  Objection at 7.  Accordingly, he maintains, Detective Askerooth needed a "reasonable basis" for initiating the second encounter.  Id. at 1.  The Court disagrees.

The mere fact that a law enforcement officer initiates a second encounter with a defendant after the initial encounter had been terminated, does not in itself render the second encounter a seizure.  See United States v. Mendieta-Garza, 254 F. App'x 307, 314 (5th Cir. 2007) (holding, in a bus interdiction case, that the fact that a law enforcement officer initiated a

second encounter after a first encounter had been terminated did not in itself necessitate a finding that the second encounter constituted a seizure); United States v. Ricardo, 472 F.3d 277, 283-84 (5th Cir. 2006) (holding that a second encounter with an officer did not result in a seizure when the first encounter, a traffic stop, had ended and the officer had returned all of the defendant's documents); see also United States v. Esparaza-Mendoza, 386 F.3d 953, 958-59 (10th Cir. 2004) (holding that an officer's making of a second request for identification does not, by itself, implicate the Fourth Amendment).  Rather, determining if a seizure has occurred requires considering whether, in view of all of the circumstances surrounding the encounter, a reasonable person would have believed that he was not free to leave.  United States v. Mendenhall, 446 U.S. 544, 554 (1980).

The Court agrees with Judge Mayeron that the circumstances here would not have caused a reasonable person to believe that he was not free to terminate the encounter.  As Judge Mayeron noted, (1) there was no message conveyed by the officers that compliance with any of their requests was required; (2) the officers were dressed in plain clothes; (3) at no time did the officer display their weapons; and (4) the officers displayed their credentials only briefly.  R&R at 11.  In addition, when Defendant refused to give his consent to Sergeant Stevens's request to search Defendant's bag, Sergeant Stevens terminated the encounter and moved on to the next passenger.  Receiving such a response when Defendant refused Sergeant Stevens's request would lead a reasonable person to believe that he was also free to refuse Detective Askerooth's later request to see identification.  There is no evidence that the officers conferred and that Detective Askerooth's conversation with Defendant was effectively an extension of Sergeant Stevens's encounter.

3

The Court also agrees with Judge Mayeron's conclusion that even if the encounter with Detective Askerooth amounted to a seizure, reasonable suspicion existed in view of the totality of the circumstances to justify the seizure. See United States v. Garcia, 23 F.3d 1331, 1334 (8th Cir. 1994) ("Whether the particular facts known to the officer amount to an objective and particularized basis for a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances.")  The evidence shows, as Judge Mayeron noted, that the law enforcement officials observed that Defendant feigned sleep and appeared extremely nervous when they entered the bus.  R&R at 14-15.  They also observed Defendant repeatedly move his hand on and off his backpack in the seat next to him and noticed that he kept looking back and forth at where the officials were positioned.  Id. at 15.  Further, Detective Askerooth testified that Defendant was "shaking almost uncontrollably," could barely hold his identification, and was "one of, if not the most, nervous person" Detective Askerooth had ever seen during an interdiction.  Id. at 5.  These circumstances, together with the fact that the particular bus that Defendant was riding had originated at the Texas-Mexico border and had frequently been interdicted for drugs, gave Detective Askerooth reasonable suspicion to justify her request to see Defendant's identification.  Therefore, the Court adopts Judge Mayeron's recommendation to deny Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.

 In moving to suppress the statements made to law enforcement officials, Defendant argues that the statements constitute fruit of the illegal seizure and subsequent search by Detective Askerooth.  Objection at 9; Def.'s Mem. in Supp. of Mot. [Docket No. 33] at 2.  Because no illegal seizure occurred, the Court adopts Judge Mayeron's recommendation to deny Defendant's Motion to Suppress Statements, Admissions, and Answers.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Judge Mayeron's R&R [Docket No. 41] is **ADOPTED**;

2.      Defendant's Objection [Docket No. 44] is **OVERRULED**;

3.      Defendant's Motion to Suppress Evidence Obtained as Result of Search and

Seizure [Docket No. 22] is **DENIED**; and

4.      Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket

No. 23] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 23, 2009.